**346-15**

<u>PD-0346-15</u>

In The
Court of Criminal Appeals
Austin, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 16 2015

Abel Acosta, Clerk

Daniel Vasquez Dominguez
v.
The State of Texas

Appeal No. 111-12-00349-CR
From The 104th District Court of Taylor County
Trial Court Case No. 13674-B.

Petition For Discretionary Review
Petitioner Daniel Vasquez Dominguez

FILED IN
COURT OF CRIMINAL APPEALS

SEP 16 2015

Abel Acosta, Clerk

Requesting Oral
Argument

Respectfully Submitted,

<u>Daniel Vasquez Dominguez</u>
Petitioner - Pro Se
TDCJ-ID.# 1355966
Neal Unit
9055 Spur 591
Amarillo, Texas 79107

## Identity Of The Parties

Daniel Vasquez Dominguez
Petitioner - ProSe
TDCJ-ID.# 1355966
Neal Unit
9055 Spur 591
Amarillo, Texas 79107

/ The 104Th District Judge,
Honorable, Lee Hamilton
Taylor County Courthouse
300 Oak Street
Abilene, Texas 79602

Alex B. Eyssen, PLLC
Appointed Attorney for, Art. 64
Post Office Box 3321
802 Mulberry
Abilene, Texas 79601

/ James Eidson
Criminal District Attorney
Taylor County Courthouse
300 Oak Street
Abilene, Texas 79602

Jeff E. Johnson
Original, Trial Appointed Attorney
P.O. Box 1736
Abilene, Texas 79604

/ Joel Wilks
Felony Division
Assistant District Attorney
300 Oak Street
Abilene, Texas 79602

Jeffery B. Galbreath
4542 Loop 322, Suite 102
Abilene, Tx. 79602
Retained Attorney for Revocation

/ Patricia Dyer
Assistant District Attorney
Taylor County Plaza
400 Oak Street, Suite 120
Abilene, Texas 79602

(i)

## Identity Of The Parties

The Court of Appeals
Eleventh District of Texas
100 West Main St., Suite 300
Eastland, Texas 76448

Justices of The Court of Appeals
Panel consisting:

Jim R. Wright
Chief Justice

Mike Willson
Justice

John M. Bailey
Justice

Memorandum Opinion Handed Down On:
February 27, 2015, Appeal No. 11-12-00349-CR
By: Justice, Bailey, J.

Opinion of the Court, (Affirmed)

(ii.)

## Table of Contents

| | Page: |
|---|---|
| Identity of the Parties | i, ii |
| | iii |
| Table of Contents | iii |
| Index of Authorities | iv, v |
| Statement Regarding Oral Argument | 1 |
| Statement of the Case | 1, 2 |
| Statement of Procedural History | 2, 3, 4 |
| Question One for Review | 4 – 9 |
| Question Two for Review | 10 – 12 |
| Question Three for Review | 13 – 15 |
| Arguments | 5 thru 15 |
| Prayer for Relief | 15 |
| Appendix | |

(Exhibits Included Seperately).
Exhibit #1 (Attorney's letter),
Exhibit #2 (Exculpatory Evidence)
Exhibit #3 (Judge's Order)

# <u>Index of Authorities</u>

| | Page |
|---|---|

## <u>Texas Court of Appeals</u> cases:

Clewis v. State, 876 S.W.3d 428 at 432 n.#8 (Texas-Dallas 1999) — 9, 11

Gray v. State, 69 S.W.3d 835, 837 (Tex. App-Waco 2002, no pet.) — 5

In Re Micheal Morton, Court of Appeals Third Dist. Austin.; 326 S.W.3d 634; (2010 Tex. App. Lexis 93) — 7, 10

Jeffery v. State, 903 S.W.2d 776, 779 (Tex. App-Dallas 1995, no pet.) — 12

Murphy v. State, 111 S.W.3d 846 (Tex. App.-Dallas 2003) — 5, 12

Smith v. State, No. 05-02-01411-CR, 2004 WL 213661-2004 Tex. App. Lexis 1049 (Tex. App.-Dallas February 5, 2005) — 6

Stone v. State, 823 S.W.2d 375 (Tex. App.-Austin 1992, pet. ref'd) — 12

## <u>Texas Court of Criminal Appeals</u> cases:

Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim App. 1997) — 8, 9

Clewis v. State, 922 S.W. 2d 126 (Tex. Crim. App. 1996) — 8, 11, 13

Ex parte Gutierrez, 337 S.W. 3d at 892; (2011 Tex. Crim. App. Lexis 595 at pg.#9) — 5

Ex parte Morton, (2011 Tex. Crim. App. Unpub. Lexis 778) — 7, 9, 13, 15

Hampton v. State, 86 S.W.3d 603 at 612, F.N.#24,#25,#26 (Tex. Crim App 2002) — 14

Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986) — 11

Jackson v. State, 879 S.W.2d 768, 771 (Tex. Crim. App. 1994) — 11

Kutzner v. State, 75 S.W.3d 427 at 438 F.N.#23 (Tex. Crim. App 2002) — 6

Routier v. State, 273 S.W.3d 241, 247 (Tex. Crim. App. 2008) — 7, 13

Smith v. State, 165 S.W.3d 361 at 363 (Tex. Crim. App. 2005) — 6

Thomas v. State, 841 S.W.2d 399, at 407 (Tex. Crim. App. 1992) — 13

<u>United States Supreme Cases:</u> | <u>Page</u>

Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967) — 12

Brady v. Maryland, 373 U.S. 83 (1963) — 13, 15

Strickland v. Washington, 466 U.S. 668, 687, 694 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984) — 11

United States v. Bagley, 473 U.S. 667, 682 105 S.Ct. 3375, 87 L.Ed. 2d 481 (1985) — 14

<u>Texas Constitution, Penal Codes, and Statutes:</u>

Tex. Const. Art. I sec. 10 — 7, 9

Tex Code Crim. Proc. Art. 64.01(c) — 3, 6, 7, 10, 12

Art. 64.03 — 7, 13, 14

Art. 64.05 — 4, 10, 13

Art. 42.12 — 2

Tex. Penal Codes - 22.011, 22.021 — 2

Tex. H.B. 1011 78th Leg. R.S. 2003 — 5

<u>United States Constitution:</u>

Fifth Amend. — 7

Sixth Amend. — 7, 9

Fourteenth Amend. — 1, 7, 9

(V.)

To The Honorable Court of Criminal Appeals:

Comes Now, Daniel Vasquez Dominguez, Petitioner as Pro Se, an Indigent inmate at TDCJ, No.# 1359966, and submits this Petition for Discretionary Review.

## Statement Regarding Oral Argument

Petitioner requests oral argument. This case presents several questions of law that have not been adequately addressed by the Court of appeals. Appellant maintains that the Court of appeals has not applied proper factual sufficiency standard review under the Clewis review, with the presumption that the evidence presented by the State was legally sufficient, ie. Constitutionally sufficient for the purpose of the Due Process Clause of the 14TH USC. Amend., to deny petitioner's appeal from trial court's decision.

## Statement of the Case

This case involves a wrongful conviction for the crime of aggravated sexual assault of a child. The victim who at the time was under age of consent, and pregnant, alleged-ly made a complaint that on or about February 1, 1999, the alleged crime occurred. Petitioner was indicted for the charges in June 13, 2000. During the alleged charges of 1999 the petitioner was serving a one year Sentence in State Jail and was released from custody in 2000. Upon re-

( 1. )

lease from confinement, Petitioner was then arrested.

In May 26, 2000 Petitioner was arrested and charged for aggravated sexual assault with a child and indecency. The State defense and its State Agent's, ie. <u>Abilene Police Dept</u>. and <u>Child Protective Services</u> came into Sole Managing Conservator on <u>May 22, 2000</u>, filing a report in the 326th District Court of Taylor County, Texas. This report was used to enable the Court of the alleged crime and as a result of the victims pregnancy by Petitioner. The Texas Department of Protective Regulatory Services filed its report under <u>Cause No. 5034-CX</u> in <u>May 22, 2000</u>. The State basis it unlawful conviction on mere alleged statements. The State does not see that an under age victim while in their custody, turns out pregnant as a violation of State or Federal laws, while petitioner is being prosecuted and convicted for the same victim. Please refer to State's response brief for the Eleventh Court of Appeals at page- (7, FN.#4).

## <u>Statement of Procedural History</u>

In June 13, 2000 Petitioner was indicted for two offenses, (Tex. Penal Codes - 22.011, 22.021). On <u>January 8, 2001</u> petitioner entered a plea of no-contest. Under <u>Tex. Code Crim. Proc. Art. 42.12</u> the trial court agreed to suspend imposition of a sentence of guilt. Petitioner was placed on differred adjudication probation for (8) eight years. During the coarse and violation of these terms, the State filed its motion to adjudicate. During the January 8, 2001 trial, appointed attorney Mr. Jeff Johnson never provided petitioner with any evidence

(2.)

relating to the charges, ie. Complaint, Statements, police reports, or any evidence the State Prosecution possed at the time of this trial, including reports that the victim was pregnant. Mr. Johnson did not make a conscientious examination of records, or the evidence against the petitioner. Mr. Johnson failed to explain the appeal process. On February 10, 2006 a revocation hearing was set in open court. The Honorable Judge Lee Hamilton sentenced Petitioner to (30) thirty years confinement in TDCJ. Retained Attorney Mr. Jefferry Galbreath failed to file notice of appeal, after a plea of not guilty. Mr. Galbreath also failed to make a conscientious examination of the record and discover the evidence of the victim's pregnancy. In May 15, 2012 Petitioner file his motions for Post-Conviction art. 64.01. Petitioner discovered that the victim while in custody of the state and while he was being prosecuted and convicted and still under the age of consent, was pregnant and due to have a child in June of 2001, and this evidence pointed at petitioner as the perpetrator. Included with his motions petitioner attached a copy of his supporting affidavit with facts of what evidence he wanted tested and a copy of the discovered evidence filed in the 326th District Court, Taylor County, Cause #5034-cx, during the time of petitioner's trial. On May 30, 2012, trial court appointed Mr. Alex Eyssen to assist in Post-Conviction DNA testing pursuant to art 64.01(c). Mr. Eyssen filed a motion to withdraw for personal reasons and decieved petitioner in his representation. The trial Court allowed Mr. Eyssen to withdraw from the case, and he abandond unexhausted remedies for an appeal, pursuant to Anders Brief, violating Due Process.

(3.)

The trial Court did not appoint new counsel after allowing Mr. Eyssen to withdraw for personal reasons. On October 31, 2012 the trial Court issued an order with findings that:

- (1) The State's case was based entirely on witness statements, and;

- (2) No physical evidence was seized by law enforcement, and;

- (3) No physical evidence was in possession of the State during the trial of the offense. ("The State was in possession of pregnant victim and records concerning her pregnancy"). The trial court determined there were no reasonable grounds and declined order for DNA testing and that new counsel should not be appointed for an appeal. Upon reciept of the trial court's findings, the Eleventh Court of Appeals reinstated Petitioner's pro se appeal, after abatement to determine counsel for appeal. Petitioner's request was overruled by the trial court. On April 19, 2013 Petitioner filed a pro se appeal raising three issues. The Court of Appeal in its opinion stated that it lacked jurisdiction on issues that entailed to the validity of the challenged conviction or outside the scope of Chapter 64.01 - 64.05 The Eleventh District Court of Appeals handed its judgement and opinion, affirming the order of the trial Court on February 27, 2015.

Questions For Review

Question One for Review:

Whether the 11th Court of Appeals erred in application of correct factual sufficiency standard review. Where the trial Court abused 'its discretion' in not providing petitioner adequate legal assistance of counsel for procedural requirements, required in his post-conviction for forensic DNA testing and his appeal process,

( 4. )

under statutes of the Tex. Code Crim. Proc. Ann. art's. 64.01-64.05 (Vernon Supp. 2003).

## Argument

Petitioner contends "inter alia", the legislature, Tex. H.B. 1011, 78th Leg., R.S. (2003), has provided indigent petitioners the right to appeal the trial court's decision on motions for post-conviction DNA testing. See Murphy v. State, 111 S.W. 3d 846 (Tex. App.-Dallas 2003). Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon Supp. 2003). This statutory right includes representation by appointed counsel on appeal of the ruling. See Gray v. State, 69 S.W. 3d 835, 837 (Tex. App.-Waco 2002, no pet.). The procedures for post-conviction DNA testing was authorized by legislature in the pursuit of justice. Because art. 64.01(c) does not differentiate between the trial and appellate phases the court has held that an indigent person has statutory right to assistance of counsel on appeal under (Tex. Code Crim. Proc. Ann. art. 64). The statute does not define "reasonable grounds", but Courts of Appeals have developed some guiding principles. See Exparte Gutierrez, 337 S.W. 3d 883 at 892; (2011 Tex. Crim. App. Lexis 545 at pg.#9). Though a convicted person need not prove entitlement or (a prima facia of it) to DNA testing as a precondition for obtaining appointed counsel. Whether reasonable grounds exist for testing necessarily turns on what is required for testing Id at 892. Basic requirements are that biological evidence exists and before appointing an attorney, the trial judge needs "reasonable grounds" "to believe" that a favorable forensic test is a "viable", "fair", and "rational possibility" and such a test could plausibly show that the inmate would not have been convicted. Petitioner can show the Court that by ordering testing he can establish, by a preponderance of the evidence,

(5.)

"probable cause" that he would not have been convicted if exculpatory DNA test results are obtained. This is the type of case in which exculpatory DNA results would make a difference. See Kutzner v. State, 75 S.W. 3d 427 at 438 F.N.# 23 (Tex. Crim. App. 2002); Smith v. State, 165 S.W. 3d 361 at 363 (Tex. Crim. App. 2005)(holding that Smith established by a preponderance of the evidence that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. Smith v. State No. 05-02-01411-CR, 2004 WL 213661, 2004 Tex. App. Lexis 1048 (Tex. App.-Dallas February 5, 2004) not designated for publication). Providing that a convicted person must prove that had results of the DNA test been available at trial, there is a 51% chance that he would not have been convicted. Id at 362. Under Chapter 64.01(c) the statute requires that the sworn affidavit contain a statement of facts in support of the motion, but it does not specify what facts must be included. See Code of Criminal Procedure Art. 64.01(a). A favorable DNA test result must be the sort of evidence that would affirmately "cast doubt" upon the validity of the inmate's conviction, otherwise, DNA testing would simply muddy the waters. First, the trial court did appoint Mr. Alex Eyssen for the petitioner's case, therefore the judge must have been under belief that reasonable grounds exist involving an under age victim and her pregnancy. Second, the exculpatory evidence of the victim being pregnant was not presented at trial, but was used to convict the petitioner. All evidence, and DNA testing was "denied" from the victim's pregnancy and born child, during

(6.)

petitioner's conviction and trial. This evidence was withheld under exculpatory ~~through~~ no fault of the petitioner. See Tex. Code Crim. Proc. Art. 64.01(b)(1)(B) invoking the no-fault provision of Subsection (b)(1)(B). Routier v. State, 273 S.W.3d 241,247 (Tex. Crim. App. 2008; Exparte Morton, 2011 Tex. Crim. Unpub. Lexis 778); In Re Micheal Morton, Court of Appeals Third Dist., Austin 326 S.W. 3d 634; 2010 Tex App. Lexis 93).

Third, if an under aged girl who is the same victim in the petitioners conviction, who turns out pregnant while he is being convicted doesn't "cast doubt" upon the petitioner's conviction, while she is still under the age of consent and monitored by custody of State Agents, then the laws of this State are lawless and are a violation of the Texas Constitution Art. I sec 10 and 5TH, 6TH, 14TH Amendments of the United States Constitution. The State Prosecution, and State Agents, ie. Abilene Police Dept. (Lead Detective, - David Atkins, and Cynthia Asbury); Child Protective Services (Social workers, Norma Campbell, and Larry Dudley) used the victim's pregnancy as evidence to prosecute and convict the petitioner, therefore under Art. 64.03(a)(2)(A) the burden has been met by the exculpatory evidence that was presented in petitioner's motions for DNA testing as [Exhibit #2]. Where the Texas Department of Protective and Regulatory Services presented this evidence report accusing petitioner as the perpetrator to enable the Court in its review and the State Agents involved, i.e. (State Prosecution).

The evidence that interrelates to this exculpatory evidence

from petitioner's care file record no. # 13674-B are the witness subpoena list filed November 14, 2000. Where everyone was summoned before the 8th day of January, 2001, "except" Mrs. Norma Cambell's, the Social Worker who's signature is on the exculpatory evidence filed in the 326th District Court of Taylor County, Texas. If the Court of Criminal Appeals will review this report [Exhibit # 2] at (pages # 1-3) it will find that this report accuses petitioner as having raped the victim four times and as a result she gets impregnated by petitioner. Please refer to pg-# 3-5.2 (-(evaluation of compliance) from this report by Mrs. B.J. Mayben, Norma Cambell and Larry Dudley. This report does not state that the victim was pregnant by some other perpetrator, or that they had arrested anyone for this "Crime" of the pregnancy! In other words the State and its Agents committed an unlawful act by utilizing the evidence of the victim's pregnancy to convict the petitioner at his Jan. 8 2001 trial. Petitioner invokes the Court of Criminal Appeals jurisdiction on a factual sufficiency standard review pursuant to Clewis v. State, 922 S.W. 2d 126 (Tex. Crim. App. 1996). Court of Appeals did not properly apply correct standard review of the evidence in the Petitioner's care. The Court of Criminal Appeals while not permitted to conduct a de novo factual sufficiency review can be called upon to determine whether the Court of Appeals applied the correct standard of review and considered all of the evidence in the record that is relevent in the care. Cain v. State, 958 S.W. 2d 404,

(8.)

409 (Tex. Crim. App. 1997). A review of factual sufficiency of the evidence on the elements of a criminal offense differs from a review of the factual sufficiency of the evidence on an affirmative defense in at least two significant ways: <u>first</u>, it involves issues of federal constitutional dimension and constitutional laws; <u>Second</u>, it involves a much greater burden of proof at trial, <u>Clewis v. State</u>, 876 S.W. 3d 428 at 432 <u>FN.#8</u> (Tex. App. Dallas 1999). The Court of Appeals did not apply proper review, because at the trial stage of petitioner's post-conviction for (art's. <u>64.01 - 64.05</u>) the trial judge appoints an attorney. (Please refer to <u>Exhibit-#3</u>, for <u>Judge's Order, Appointed Attorney</u>). During an incomplete investigation of the excupatory evidence from pregnant victim and born child, Counsel suddenly decides to close his law practice and states he's moving out of State. He advises in a letter dated <u>Aug. 28, 2012</u> of all the avenues needed investigating to obtain the information (to prove petitioner's innocence). He stated that his job would start in October and that on <u>Friday, September 21, 2012</u> at <u>4:00 p.m.</u> the Court would determine who it would appoint as new counsel. (Please refer to <u>Exhibit #1</u>, for <u>Attorney's letter</u>). The trial Court abused its discretion when it allowed Mr. Eyssen to withdraw from the case for "<u>personal reasons</u>." He was allowed to abandon the case and violated petitioners statutory rights to the appeal process. <u>Tex. Const. art. I. §10</u> and <u>6th and 14th Amend. of the U.S.A Const</u>; Additionally petitioner seeks DNA testing from the born child to prove his innocence, and that third party was involved. (See, <u>Exparte Morton</u>, 2011 Tex. Crim. App. Unpub Lexis 778).

(9.)

## Questions For Review

### Question Two for Review:

Whether the Eleventh Court of Appeals erred in the factual Sufficiency standard review that appointed counsel for art. 64.01(c) provided effectivere assistance when he withdrew from the case for personal reasons, and violated petitioner's Due Process by failure to complete adequate investigation and to prepare and follow statute procedural requirements for Petitioner's appeal pursuant to an Ander's Brief, Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon Supp. 2003).

### Argument

In May 15, 2012, Petitioner filed two motions with the trial court, pursuant to Chapter 64, Tex. Code Crim. Proc; (1) motion requesting appointment of counsel to assist in obtaining exculpatory evidence for a Forensic/DNA testing to prove petitioner's innocence and that a third party was involved in this case. In Re Micheal Morton, 326 S.W.3d 634 (3rd Dist App. Austin 2010); 2010 Tex. App. Lexis 93)(Appellant sought review under Tex. Code Crim. Proc. art. 64.03 for DNA testing because it was probable appellant would not have been convicted if the evidence of a bandana contained blood from (victim and a third person) and; (2) motion requesting Forensic/DNA testing from under aged victim's pregnancy and born child to prove petitioner's innocence and that third person was involved in this offense. Please refer to Petitioner's motions with supporting affidavit of what evidence he seeks to be tested with Exhibit #2 of the exculpatory evidence relating to Petitioner's charges and offense.

In May 30, 2012 by order of the trial judge, Mr. Eyssen was appointed to represent petitioner pursuant to art. 64.01(c) Tex. Code Crim. Proc. Please refer to attached Exhibit #-3 (Order Appointing Counsel). Mr. Eyssen failed to seek out the evidence that would affirmately "cast doubt" upon the validity of Petitioner's conviction. Instead he suddenly withdraws from the case for his personal reasons, he fails to complete an adequate investigation and file proper motions with the Court that would prove petitioner's innocence, and that there was a third person involved. He failed to advise proper procedural requirements under Chapter 64 and the appeal process. Mr. Eyssen failed to function in his representation as counsel guaranteed by the Sixth Amendment violating Petitioner's rights under the Tex. Const. Art. I sec. 10 and the Fourteenth Amendment to Due Process and Equal Protection of the laws; (USCA Amends; 6th and 14th), Strickland v. Washington, 466 U.S. 668, 687-688, 644, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) adopted in Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). In Petitioner's case both prongs of this test have been met, when appointed counsel withdrew from the case for "personal reasons" and abandoning petitition's rights to an appeal under art. 64.05. There is "no sound trial strategy" in a withdrawal from a representation for "personal reasons". Strickland, 689, 104 S.ct. at 2065. The Court of Appeals in petitioner's case under Art. 64.01(c) misapplied factual sufficiency; Clewis v. State, 922 S.W. 2d 126 at 141 (Tex. Cr. App. 1996), Clewis v. State, 876 S.W.2d 428 at 444 (Tex. App. - Dallas 1994). (McGarry, C.J. concurring) The Court holds that the proper standard of review for factual sufficiency

(11.)

of the elements of the offense is the one articulated by the Third Court of Appeals in, Stone v. State, 823 S.W. 2d 375 (Tex-App-Austin 1992, pet. ref'd, untimely filed). The Court of Appeals views all the evidence without the prism of 'in the light most favorable to the prosecution [and] set[s] aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Therefore, Mr. Eyssen was deficient when he did not make proper arrangements for re-appointment of counsel, nor did he file a motion to withdraw from a frivolous appeal by filing a motion to withdraw and a brief in support of the motion, commonly known as an Anders Brief. The purpose of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), is to show counsel performed a conscientious examination of the record and the appeal is so frivolous that the indigent appellant should be denied his right to appointed counsel on appeal. See Murphy v. State, 111 S.W.3d 846 at 847 (-Tex.App.-Dallas 2003). Whether an attorney may file a Anders brief in an appeal of a trial court's ruling on a post-conviction motion for DNA testing appears to be an issue of first impression in this state. Therefore the Court of Appeals did not address whether Anders is applicable to the appeal before the Court, because appointed counsel is not allowed to make frivolous arguments in an appeal from a criminal conviction. See Jeffery v. State, 903 S.W. 2d 776, 779 (Tex. App.-Dallas 1995, no pet.) Analysis of the relevant statute reveals there are three stages to a motion for post-conviction DNA testing. (1) the motion itself and whether it complies with article 64.01; (2) is whether the court's determination of whether

(12)

there is any biological evidence that [should] be tested, and whether there is a reanable probability the evidence would prove the petitioner's innocence (Ex parte Morton, 2011 Tex. Crim. Unpub. Lexis 278); Routier v. State, 112 S.W. 3d 554 2003 Tex. Crim. App. Lexis 92 (Tex. Crim. App. 2003. Tex. Code Crim. Proc. Ann. art. 64.03 (a)(2)(A) ("would more likely have caused the jury to harbor a reasonable doubt as to the inmate's guilt and decline to convict"). Petitioner invokes the Court of Criminal Appeals to address whether the Court of Appeals applied proper factual sufficiency review under Clewis v. State, 922 S.W. 2d 126 (Tex.Cr. App. 1996).

## Questions for Review

### Question Three for Review:

Whether the Eleventh District, Court of Appeals erred in the factual sufficiency review that exculpatory evidence is favorable to the petitioner and was suppressed from his trial in violation of Brady Material and was through no-fault of the Petitioner. Petitioner filed his motion on the evidence pursuant to Tex. Code Crim. Proc. Ann. art. 64.01-64.05 (Vernon Supp. 2003), seeking DNA testing from alleged victim and her born biological child under these statutes. Petitioner seek a Clewis review of all the evidence.

## Argument

Petitioner's case involves newly discovered evidence that was suppressed from his trial in violation of Brady v. Maryland 373 U.S. 83 (1963), that is so contrary to the laws and to the overwhelming weight of the evidence as to be manifestly

(B.)

unjust, it shocks the conscience, and clearly demonstrates bias from the State and State Agents. The State Prosecution and Its State Agents ie. (Abilene Police Dept.), (Child Protective Services) used the evidence of the alleged victim's pregnancy to prosecute and convict Petitioner. Please refer to (Exhibit #2) (exculpatory evidence report). Petitioner contests "inter alia" that the exculpatory evidence from case (No. #5034-CX) involving the under aged victim affirmatively has weight as to whether there is a third person involved and whether petitioner would have been convicted, because the evidence is favorable to basis of the validity of the challenged conviction in petitioner's case. see, Tex. Code Crim. Proc. art. 64.03(a)(2)(A). United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The Supreme Court expanded the definition of favorable evidence to include both exculpatory evidence and impeachment evidence, because such evidence is favorable to the accused, so that, if disclosed and used effectively it may make the difference between conviction and aquittal; Bagley, 473 U.S. at 676, 105 S.Ct. at 3380. Petitioner contends that the court of appeals employed an improper standard of review of a potential Brady Violation, by rejecting the evidence where the alleged victim was pregnant at the time of Petitioner's trial and that he was being prosecuted and convicted for sexual assault charges on this under aged victim. Hampton v. State, 86 S.W. 3d 603 at 612 (Exh's #24, #25, #26) (Tex. Crim. App. 2002). The evidence in the victims case (No. #5034-CX) is material and there is a reasonable probability that had the evidence been disclosed to the

(14.)

defense, the result of the proceeding would have been different. It is clear that with the evidence in (core file #5034-cx) the State and Agents knew the victim was pregnant and convicted petitioner for the victim's pregnancy. Thomas v. State, 841 S.W. 2d 399, at 407 (Tex. Crim. App. 1992); Ex parte Morton, 2011 Tex. Crim App. Unpub. Lexis 778); Brady v. Maryland, 373 U.S. at 87-88, 83 S.Ct. at 1197.

## Prayer for Relief

Petitioner prays that this Honorable Court grant his petition for discretionary review that this cause be set for submission before this Court, and after submission of the evidence this court will reverse the judgment of the Court of Appeals and remand the case to the trial court for consideration of an aquittal or exoneration.

_Daniel Vasquez Dominguez_
signature

## Certificate of Service

I hereby certify that a true copy of Petitioners petition for discretionary review has been placed in the U.S. Postal Service first-class mail on August 26, 2015, to the Court of Criminal Appeals of Texas, P.O. Box 12308, Capitol Station, Austin, Texas 78711.
Signed on 8-26-15,

Respectfully Submitted,
_Daniel Vasquez Dominguez_ pro se
Daniel Vasquez Dominguez
TDCJ-ID.# 1355966
Neal Unit
9055 Spur 591
Amarillo, Texas 79107

(15.)

<u>Inmate's Unsworn Declaration</u>

My name is Daniel Vasquez Dominguez, my date of birth is July 17, 1967, and my inmate identifying number is #1355966, I am presently incarcerated in the Neal Unit in Amarillo, Potter County, Texas 79107. I declare under penalty of perjury that the foregoing Petition for Discretionary Review, with attached exhibits 1-3 are all true and correct.

Executed on the <u>26</u> day of <u>August</u>, 2015.

<u>Daniel Vasquez Dominguez</u>
Petitioner's signature



In The

# Eleventh Court of Appeals

## No. 11-12-00349-CR

## DANIEL VASQUEZ DOMINGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 13674-B**

### MEMORANDUM OPINION

Daniel Vasquez Dominguez appeals the trial court's order denying his motion for DNA testing of evidence related to his conviction for aggravated sexual assault of a child. Because we conclude that the trial court did not err by denying the motion, we affirm.

### *Background Facts*

Appellant was indicted in 2000 for the offenses of aggravated sexual assault of a child and indecency with a child. On January 8, 2001, he entered a plea of no

contest to the offense of aggravated sexual assault of a child. Pursuant to a plea bargain agreement, the trial court deferred the adjudication of guilt and placed Appellant on community supervision for eight years. The State subsequently filed a motion to adjudicate. The trial court found that Appellant had violated the terms and conditions of his community supervision, revoked his community supervision, adjudicated his guilt, and sentenced him to confinement for thirty years. The sentence was imposed in open court on February 10, 2006. Appellant attempted to file a direct appeal from the judgment adjudicating guilt, but we dismissed the appeal for want of jurisdiction because the appeal was not timely filed.

On May 15, 2012, Appellant filed a pro se motion in the trial court for postconviction forensic testing. The trial court appointed counsel for Appellant in connection with the motion for postconviction forensic testing. Appointed counsel subsequently filed a motion to withdraw that the trial court granted. Appellant then filed this appeal. Upon our receipt of Appellant's pro se notice of appeal, we entered an order abating the appeal that required the trial court to make various findings. Pursuant to our abatement order, the trial court made the following findings:

1. On July 28, 2000, the trial court determined that the Appellant was indigent.

2. On February 10, 2006, the trial court revoked Appellant's community supervision, convicted him, and sentenced him to 30 years in prison. The Appellant has remained incarcerated since that time.

3. The trial court has received no information indicating any change in Appellant's financial circumstances.

4. Therefore, the trial court determines that Appellant is still indigent.

5. On May 30, 2012, the trial court appointed Mr. Alex Eyssen to represent Appellant in obtaining DNA testing pursuant to Article 64.01(c), Texas Code of Criminal Procedure.

6. On December 19, 2012, the trial court[] allowed Mr. Eyssen to withdraw because he was closing his law practice and leaving the [S]tate of Texas.

7. Appellant is not currently represented by counsel.

8. Appellant's attorney did not abandon the appeal; he was allowed to withdraw by the trial court.

9. On October 31, 2012, the trial court issued an order finding that:
    ---The State's (criminal) case was based entirely on witness statements, and
    ---No physical evidence was seized by law enforcement, and
    ---No physical evidence was in possession of the State during the trial of the offense.

10. In the October 31, 2012[] order, the trial court also found that the Appellant was not entitled to DNA testing; and, the trial court declined to order any DNA testing.

11. There are no reasonable grounds for the Appellant to file a motion for forensic DNA testing.

12. New counsel should not be appointed to represent the Appellant on appeal.

Upon receipt of the trial court's findings, we reinstated this appeal.

*Analysis*

Appellant presents three issues on appeal. In his first issue, Appellant complains of the "denial of assistance of counsel." In support of this issue, he alleges that his appointed counsel was ineffective "assisting in the investigation of

evidence filed in another court." Specifically, he contends that counsel did not thoroughly investigate the evidence regarding his victim's "pregnancy" case filed in the 326th District Court of Taylor County.[1] In his second issue, he complains of "violations of due process," "ineffective assistance of counsel," and "violation of equal protection of the law." In support of his second issue, he contends that trial counsel was ineffective for failing to present evidence from the 326th District Court. In his third issue, Appellant complains of the "denial of forensic, DNA testing hearing by Brady violations of exculpatory evidence related and filed in the 326th District Court."

This appeal was brought under Chapter 64 of the Code of Criminal Procedure. This chapter authorizes DNA testing in cases where the applicant meets the relevant requirements. TEX. CODE CRIM. PROC. ANN. art. 64.03 (West Supp. 2014). Chapter 64 also gives appellate courts jurisdiction to review an order by a trial court denying a request for postconviction DNA testing for cases in which the defendant was not given the death penalty. *Id.* art. 64.05 (West 2006). However, in an appeal from the denial of a request for DNA testing, we may not consider any claims that fall outside the scope of Chapter 64. *In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.). "Chapter 64 is not an invitation to review every potential error in the underlying trial proceedings; instead, it is simply a procedural vehicle for obtaining evidence 'which might then be used in a state or federal habeas proceeding.'" *Id.* (quoting *Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005)).

A trial court is only required to order DNA testing under Chapter 64 if the relevant statutory requirements are met. CRIM. PROC. art. 64.03(a). As noted above, the trial court based its order denying Appellant's request for DNA testing

---

[1] The 326th District Court is a "family district court" that by statute "has primary responsibility for cases involving family law matters." TEX. GOV'T CODE ANN. §§ 24.601, 24. 634 (West 2004).

on the fact that the State's criminal case against Appellant was based entirely on witness statements, that no physical evidence was seized by law enforcement, and that no physical evidence was in possession of the State during the trial of the offense.

A convicting court may base its decision regarding a Chapter 64 claim on the sufficiency of the State's written explanation. *Caddie v. State*, 176 S.W.3d 286, 289 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). In an appeal of a trial court's decision regarding a Chapter 64 claim, reviewing courts "defer to the trial court's determination of historical facts, and its application of law to the facts if it turns on credibility and demeanor, and review de novo applications of law to the undisputed facts." *Id.* Under this standard, reviewing courts "defer to a trial court's finding as to whether the claimed DNA evidence exists and is in a condition to be tested." *Id.* The clerk's record contains a letter from an assistant district attorney to Appellant's counsel advising him that Appellant's criminal case "was based entirely on witness statements. There was no physical evidence of any kind taken by the police."[2] There is also a letter in the clerk's record from Lieutenant David Atkins of the Taylor County Sheriff's Office addressed to the trial court that confirms this same information. In light of the standard of review governing this case and based on the record, we conclude that the evidence is sufficient to support the trial court's determination that no DNA evidence exists.

The bulk of Appellant's claims on appeal focus on his efforts to obtain evidence from another proceeding. By its express terms, Chapter 64 only applies to the testing of evidence "that was secured in relation to the offense that is the basis of the challenged conviction." CRIM. PROC. art. 64.01(b). Accordingly, Appellant's claims seeking to obtain evidence from another proceeding are beyond

---

[2] This letter also informs Appellant's counsel that the file in the 326th District Court from which Appellant sought evidence is a "closed and sealed file."

the scope of Chapter 64, and the trial court did not err in denying Appellant's request to test the evidence from the family court proceeding. Furthermore, Appellant's claims of ineffective assistance of counsel related to obtaining evidence from the proceeding must also fail because the requested evidence was beyond the scope of Chapter 64.

Regarding Appellant's request for the appointment of new counsel, Chapter 64 specifies that "[t]he convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent." CRIM. PROC. art. 64.01(c). The trial court initially appointed counsel for Appellant, but subsequently determined that "[t]here are no reasonable grounds for the Appellant to file a motion for forensic DNA testing." Based upon this determination, the trial court concluded that it was not obligated to appoint new counsel on appeal. In this case, the trial court had evidence that no biological evidence existed that could be tested. That evidence provided sufficient justification for the trial court to determine that there were no reasonable grounds for the Chapter 64 motion to be filed. *See Blake v. State*, 208 S.W.3d 693, 695 (Tex. App.—Texarkana 2006, no pet.). Accordingly, we cannot conclude that the trial court erred by failing to grant Appellant's request for the appointment of new counsel. *See Ex parte Gutierrez*, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011) (stating that courts have found that reasonable grounds are not present if no evidence exists or if it has been destroyed).

In his brief, Appellant additionally challenges his original conviction. Chapter 64 does not confer jurisdiction upon this court to entertain collateral attacks on the trial court's judgment of conviction or to review, under the guise of a DNA testing appeal, anything beyond the scope of the request to conduct DNA